St. Xavier College v. Frances F. Briggs et al.

1. **Notice by Lessee of Election to Purchase of Realty Leased with Such Privilege Sufficient to Compel Sale.**

    Notice by the lessee, under a lease containing a privilege of purchase of election to purchase, is sufficient to bind the lessor to sell, and in exercising the privilege it will be presumed that payment and delivery of the deed will be concurrent.

2. **Court may Supply Pertinent Description of Land in Decree of Specific Performance.**

    Specific performance is not required to be in 'the very letter of the contract; if the contract renders it obvious what land it was proposed to convey a pertinent description will be inserted by the court in its decree.

APPEAL from common pleas.

*Denis F. Cash* and *Worthington & Strong,* for plaintiff.

*Rufus B. Smith, Chas. A. Groom* and *Black & Black,* for defendants.

GIFFEN, P. J.

The plaintiff seeks specific performance of a contract to convey certain real estate, under a lease with privilege of purchase executed by the defendants' testator and delivered to Geo. F. Meyers for the use of plaintiff. Two parcels of land are involved, each being a part of in-lot No. 72, as known upon the original plan of the town, now city of Cincinnati, one being the west half of the west half of the in-lot, and the other being a strip thereof fronting twenty-five feet on Sixth street. The parties supposed at the time the lease was executed and the plaintiff was put in possession, that the two pieces were adjacent, one to the other; but it developed by survey that there was a surplus in the original in-lot, part of which lay between the two parts described in the lease.

When the plaintiff elected to purchase it demanded a deed with a description by metes and bounds, including such surplus, and made a tender of the purchase money, $30,000; but the defendant refused to execute such deed, and tendered one with the same description as contained in the lease.

The privilege of purchase is as follows:

"Said lessor will on the first day of January, A. D. nineteen hundred and eight (1908), convey the said premises to said lessee his heirs and assigns by a good and sufficient deed of general warranty with release of dower upon the payment to her by said lessee his heirs or assigns of the sum of thirty thousand dollars ($30,000), provided said lessee his heirs or assigns gives sixty days notice in writing to said lessee her heirs or assigns of his intention to purchase the fee of said premises for said sum of thirty thousand dollars ($30,000)."

The notice of election to purchase was duly served on the defendants, October 12, 1907.

It is claimed by counsel for defendants that the service of this notice did not make a contract binding upon the parties, because the payment of the consideration as well as the notice was a condition precedent; but we think it a strained construction to hold that the lessee was bound to pay the money first, and to rely solely upon the covenant of the lessor to deliver

Hamilton County.

a good and sufficient deed of general warranty. A more reasonable construction is that payment and delivery of deed were to be concurrent. It is further claimed that the notice of intention to purchase created no obligation to pay the money; but we think it did. It implies a promise to pay just as an express acceptance of an offer would. Were it otherwise there would be no substantial advantage in such notice, as the lessor could not act upon it except at his own peril or risk. This notice itself was in effect an acceptance of the offer to sell. *Gilbert* v. *Port,* 28 Ohio St. 276.

Even though a contract did not thus arise, it was completed by the tender, on the day appointed, of the consideration money, unless such tender was made upon a condition not warranted by the lease. The only condition attached was that the plaintiff received a deed with a plain and pertinent description by metes and bounds of the land purchased, and it is now admitted that such deed would convey the same land, less ten and three-fourths inches in width, that would be conveyed by the deed tendered by the defendants which contained the same description as did the lease. The objection to the latter description is that upon its face the surplus land between the two parcels is not included, and the deed would not convey title to such strip of ground except when aided by external evidence of adverse possession for the statutory period and by judicial construction. It was not the purpose of the plaintiff to acquire any land not intended by the defendants to be conveyed; but the very purpose was to make definite and certain upon the face of the deed the intention of the parties to the lease.

We do not consider this a conditional or equivocal acceptance of the offer, nor a modification of the contract, but enduring evidence of what the contract was as understood by the parties.

When the defendants by their counsel admit that the deed tendered by them would convey all the land embraced in the proposed description of plaintiff they place themselves in the position of insisting on mere form and ignoring substance, and especially so when the effect of their deed is not apparent on its face.

St. Xavier College v. Briggs.

In the case of *Maud* v. *Maud*, 33 Ohio St. 147, it is said in the syllabus:

"The contract, specific performance of which is sought, must so far describe the premises claimed, as that the court may be able to ascertain what they are."

And at page 148, Wright, J., says:

"Under such a contract if proved, it would be difficult for a court to determine what particular farm or tract of land Wm. Maud claimed or was entitled to, and it would be quite as difficult to determine what metes and bounds could be put in a decree for specific performance."

It is apparent from this case that no hard and fast rule, requiring specific performance to be in the very letter of the contract, prevails in this state, and that the court in its decree may insert a pertinent description of the land which the contract clearly entitles the plaintiff to have. The land intended to be conveyed being once ascertained the description becomes mere matter of form. The plaintiff may have a decree prayed for without terms other than the payment of the consideration money with interest.

**Smith** and **Swing, JJ.**, concur.